HENRY A. LOEB, PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

CARL M. LOEB, JR., PETITIONER, *v*. COMMISSIONER OF INTERNAL REVENUE, RESPONDENT.

Docket Nos. 92587, 92643. Promulgated September 7, 1939.

*Arthur B. Hyman, Esq.*, and *David A. Goodkind, C. P. A.*, for the petitioners.

*C. C. Holmes, Esq.*, for the respondent.

518

520

OPINION.

MURDOCK: The question for decision is whether the income of the trust is all taxable to the two grantors under section 167 (a) (2) of the Revenue Act of 1934, which provides that "where any part of the income of a trust may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor * * * then such part of the income of the trust shall be included in computing the net income of the grantor." All of the income of this trust could be distributed to the grantors in the discretion of the trustee. The case turns upon whether the trustee had "a substantial adverse interest in the disposition of" the income.

The petitioners' first argument is that the trustee was "the virtual owner of the trust property" by reason of his broad powers over it. He was not to receive any of the income or corpus for himself under any circumstances. His wife was to receive none of the corpus. His powers were those of a trustee, not of an owner. The petitioners state that a far more important power was his power to distribute the income to his wife and their other children to the exclusion of the grantors. They argue that he had a legal duty to support and maintain his wife and he owed a strong moral duty to his children, both of which he could and did relieve himself of by distributing trust income to them to the exclusion of the grantors. It is difficult to follow this argument in so far as it relates to the children, since the grantors were also his children. While he could and did make distributions to his wife, who used the money for household and personal expenditures, still she was not required to use that money to support and maintain herself and the distributions to her did not relieve him of his legal obligation to maintain and support her. He might reason logically that the more money he gave her from the trust the less she would demand from his own pocket. But that possibility did not give him a substantial interest in the distribution of the trust income adverse to that of the petitioners.

The petitioners say that there is no case precisely in point and none authoritatively defining "adverse interest." Cases like *Savage* v. *Commissioner*, 82 Fed. (2d) 92, which arose under a prior act, in which the words "substantial adverse interest" did not appear, are not in

point. *Mary A. Cushing*, 38 B. T. A. 948. Those cases in which the person exercising the discretion was also a beneficiary or a person with a not too remote possibility of benefiting are distinguishable, since such persons clearly have a substantial adverse interest. Cf. *Jane B. Shiverick*, 37 B. T. A. 454; *Sophia P. O. Morton*, 38 B. T. A. 419; *Daniel P. Woolley*, 39 B. T. A. 802. A decision more nearly in point is that in *Mary A. Cushing, supra*. The petitioner there created a trust and named her mother as one of the trustees. The trustees were to pay the grantor $1,000 annually, but larger sums and parts of the corpus could be paid to her with the consent of the trustees. The instrument could also be altered with the consent of the trustees. The corpus was to be distributed in accordance with the will of the petitioner or as if the petitioner had died intestate, in case she left no will. The Commissioner included all of the income of the trust for 1932 and 1933 (far in excess of $1,000) in the income of the grantor. The question was whether the mother had a substantial adverse interest. The mother, a widow, was not named as a beneficiary, but the petitioner argued that her mother had a substantial adverse interest because she could, if destitute, demand support of the petitioner and enforce her demand by an order to the trustees to distribute more than $1,000 to the petitioner and, also, she had a contingent interest in that she was among the petitioner's intestate successors. The Board held that the mother did not have a substantial adverse interest. The argument made by the present petitioners is fundamentally the same and the interest of their father is not much less remote. The personal interest which he might have had in making distributions to his wife and their other two children rather than to the two grantors is too remote to qualify as a substantial adverse interest within the meaning of section 167 (a) (2).

The petitioners also argue that the above provision of the statute was intended to be applied only in case the trust income was actually distributed to the grantors and, if not so construed, it is unconstitutional. It would be completely ineffective in carrying out the intent of Congress if it applied only in case the income was actually distributed to the grantors. Cf. *Burnet* v. *Wells*, 289 U. S. 670; *Jane B. Shiverick, supra*. The statute assesses the tax according to what may be done under the trust. *Kaplan* v. *Commissioner*, 66 Fed. (2d) 401; *Greenough* v. *Commissioner*, 74 Fed. (2d) 25. We are not convinced that it is unconstitutional. Cf. *Corliss* v. *Bowers*, 281 U. S. 376; *Jane B. Shiverick, supra; Kaplan* v. *Commissioner, supra*.

*Decision will be entered under Rule 50.*