[Sac. No. 5458. In Bank. Jan. 22, 1943.]

JOSEPH N. BORROUGHS, Respondent, v. CHARLES J. McCOLGAN, as Franchise Tax Commissioner, etc., Appellant.

Earl Warren, Attorney General, H. H. Linney, Assistant Attorney General, and James E. Sabine and Valentine Brookes, Deputies Attorney General, for Appellant.

Fitzgerald, Abbott & Beardsley and M. W. Dobrzensky for Respondent.

CURTIS, J.—During the month of December, 1934, plaintiff, John N. Borroughs, transferred a number of shares of stock in the Oakland California Towel Company to himself as trustee, for the benefit of his two minor children. The trusts were declared to be irrevocable and were to terminate on the death of the beneficiaries or when they became thirty years of age. The declaration of trust provided that all dividends and income received from said shares of stock "now are and shall become the absolute property of my said children." It further provided that discretion is vested in the trustee to accumulate the income from said property during the minority of his said children "and to use so much of said income for the education, support, maintenance and amusement of each of said beneficiaries, as said trustee shall in his discretion determine."

During the year 1935, the trustor plaintiff herein chose to accumulate the entire income from the trust property, and he supported his two minor children, the beneficiaries named in said declaration of trust, through other means. The defendant, Charles J. McColgan, as Franchise Tax Commissioner of this state, was of the opinion that as the income from the trust property could be used for the support of the children of plaintiff, the father of said children, such income was taxable as income of the plaintiff; and accordingly assessed a tax against plaintiff on said income. The tax so assessed was paid by plaintiff under protest, and this action was instituted by him for the recovery of the amount of money so paid. Defendants filed a demurrer to the complaint in said action, which was overruled, and judgment thereafter was given by the trial court in favor of plaintiff, from which judgment the present appeal was taken.

The legal question presented on the appeal we think is fairly stated by the respondent as follows: "Is the income of an irrevocable trust taxable to the grantor under the Personal Income Tax Act of 1935 where the trust agreement names the grantor as trustee and provides that in the trustee's

discretion the trust income may be used for the education, support, maintenance and amusement of the beneficiaries, grantor's minor children, but where none of the trust income has been so used?''

The appellants contend that both under section 7(a) and section 12(h) of the California Personal Income Tax Act (Stats. of 1935, p. 1090; Deering's Gen. Laws, 1937, p. 3907), the income from said trust property is taxable to the respondent. Section 7(a) of the act reads as follows:

''Gross income includes gains, profits, and income derived from salaries, wages, or compensation for personal service, of whatever kind and in whatever form paid, or from professions, vocations, trades, businesses, commerce, or sales, or dealings in property, whether real or personal growing out of the ownership or use of or interest in such property; also from interest, rent, dividends, securities, or the transaction of any business carried on for gain or profit, or gains or profits and income derived from any source whatever, and includes any salary, wages, or compensation of any officer or employee of this State, or any political subdivision, district or municipality thereof.''

Section 12(h) in part reads:

''Where any part of the income of a trust—

''(1) Is, or in the discretion of the grantor . . . may be held or accumulated for future distribution to the grantor; or

''(2) May, in the discretion of the grantor . . . be distributed to the grantor; . . . then such part of the income of the trust shall be included in computing the net income of the grantor. . . . ''

Section 12(h) is identical with section 167 of the Federal Revenue Act and section 7(a) is substantially the same as section 22(a) of the federal act. These two sections of the California statute have received no interpretation by the courts of this state. On the other hand, the corresponding sections of the Federal Revenue Act have frequently been before both the Supreme Court of the United States and the other federal courts as well as before the Board of Tax Appeals. Each of the parties to this action concedes that the construction given to these sections of the Federal Revenue Act by the federal courts is applicable to the corresponding sections of the statute of our own state, and they depend almost entirely for

the support of their respective contentions upon the decisions of the federal tribunals concerning the federal statute.

In the case of *Glendinning* v. *Commissioner of Internal Revenue*, 97 F.2d 51, the taxpayer created a trust fund providing for the payment to the wife during her life of a portion of the trust fund income in lieu of support money. The Circuit Court of Appeals of the Third Circuit held that trust income paid to the wife was taxable income to the taxpayer. In so holding the court stated: (p. 51) " . . . If the trust fund was a gift of its creator, the income derived therefrom is the income of the donees, not of the donor. If the trust was the payment of a debt of the creator the income is taxable to him as his income paid to his divorced wife . . . The distinction is that the income from a gift is the income of the donee but the income from a trust fund put up to meet an obligation of the creator of the trust, is the income of the debtor."

The case of *Douglas* v. *Willcuts*, 296 U.S. 1 [56 S.Ct. 59, 80 L.Ed. 3, 101 A.L.R. 391], involved a trust created by a husband for the purpose also of having the income therefrom paid to his divorced wife in satisfaction of his obligation to pay alimony to her, and it was held that the income which satisfied the obligation of the husband to pay alimony was taxable to him. A brief statement of the court in that case is as follows: (p. 9) "The creation of a trust by the taxpayer as the channel for the application of the income to the discharge of his obligation leaves the nature of the transaction unaltered. . . . In the present case, the net income of the trust fund, which was paid to the wife under the decree, stands substantially on the same footing as though he had received the income personally and had been required by the decree to make the payment directly."

In the case of *Helvering* v. *Stokes*, 296 U.S. 551 [56 S.Ct. 308, 80 L.Ed. 389], the Supreme Court reversed a judgment of the Circuit Court of Appeals, holding that income from a trust in favor of minor children and in other respects like the trust involved here was not taxable to the father, who had actually paid out the income in pursuance of the trust during the taxable year in which the income was received. The judgment was reversed upon the authority of *Douglas* v. *Willcuts, supra*, which had been decided by the same court during the previous month. By this decision the court ex-

tended the rule announced in *Douglas* v. *Willcuts, supra,* to a trust like that before us, where the children of the grantor were the beneficiaries of the trust. In each of the two cases just cited the income from the trust estate had actually been paid out by the trustees. They differ therefore from the present case, where the income has been accumulated and is still in the possession of the trustee. However, the case of *Whiteley* v. *Commissioner of Internal Revenue,* (C.C.A.) 120 F.2d 782, involved a trust created by the father, where the income from the trust property was to be paid by the trustee to the father upon the latter's order and to be used solely for the use of his minor children. During the calendar year the income from the trust property was $5,878, only $450 of which was paid to the father. The Board of Tax Appeals held that the entire income for the year was taxable to the father, the donor of the trust. On appeal the ruling of the board was sustained. The conclusion of the court is contained in the following statement: ''In this case the settlor of these trusts (there were four of them) by its terms could have received its income and applied it to the support of his minor children. He did not choose to do so, but left it to accumulate for them. He controlled the use of the money and had the same non-material satisfaction as that of the taxpayer in the Horst case.''

In *Helvering* v. *Horst,* 311 U.S. 112 [61 S.Ct. 144, 85 L.Ed. 75, 131 A.L.R. 655], a father was the owner of negotiable bonds. He detached from them negotiable interest coupons shortly before their due date and delivered them to his son as a gift, who in the same year collected them at maturity. The commissioner ruled that under section 2 of the Revenue Act of 1934, the interest payments were taxable in the years when paid to the father. This ruling was sustained by the Board of Tax Appeals but reversed by the Circuit Court of Appeals, and the judgment of the latter court was reversed by the Supreme Court. The case of *Helvering* v. *Eubank,* 311 U.S. 122 [61 S.Ct. 149, 85 L.Ed. 81], was decided the same day and involved a factual situation similar to that in the Horst case and was decided upon the authority of the last named case.

Two recent decisions of the Board of Tax Appeals are in harmony with the conclusion reached by the court in *Whiteley* v. *Commissioner, supra.* In *J. S. Pyeatt,* (1939) 39 B.T.A.

774, the grantor was held taxable under a provision of the federal act which is identical to section 12(h) of the California Personal Income Tax Act, because he held it within his power to use the income of the trust for the support and education of his minor daughter. The fact that he had elected not to use it in that manner was held immaterial in view of the language of the statute.

In *George H. Whiteley, Jr.,* (1940) 42 B.T.A. 402, 416, the grantor had created a trust for the benefit of his minor daughter, reserving to himself the right to use the income therefrom for the support, benefit and enjoyment of his minor children. The income was not used during the taxable year involved and notwithstanding that fact the board held that it was taxable to the grantor in language as follows: "Moreover, since the income might be spent for the 'enjoyment' of the minors, an element which is beyond the legal obligation of the father and under which it would appear that he might spend the income almost at his will, there is in such respect no essential difference or distinction from a mere distribution to the grantor." [See, also, *Kaplan* v. *Commissioner of Internal Revenue,* (C.C.A.) 66 F.2d 401; *Corliss* v. *Bowers,* 281 U.S. 376 [50 S.Ct. 336, 74 L.Ed. 916]; *Henry A. Loeb,* 40 B.T.A. 517; *Rollins* v. *Helvering,* (C.C.A.) 92 F.2d 390.]

In the last cited case we find this exceedingly apt language: (p. 395) "Section 167 is not concerned with what *is* done under a trust agreement but with what *might be* done thereunder. The controlling statutory consideration is the existence of the described 'discretion' not the way in which that discretion is actually exercised."

The foregoing decisions all held the income taxable to the grantor under section 167 of the federal act which, as we have seen, is the same as section 12(h) of our own statute.

In the case of *Helvering* v. *Clifford,* (1940) 309 U.S. 331 [60 S.Ct. 554, 84 L.Ed. 788], it was held that the income from the trust involved in that case was taxable to the grantor under section 22(a) of the federal act which, as we have noted, is virtually the same as section 7(a) of the state statute, defining gross income. (This section is set out in full above.) The grantor of the trust which was the subject of that decision provided in the declaration setting up said

trust, that the net income to be derived therefrom was for the "exclusive benefit" of his wife; that it was to continue for a term of five years and terminate earlier on the death of his wife. During the continuance of said trust, the trustee, the husband, was to pay over to his wife the whole or such part of the net income as he in his "absolute discretion" might determine. There were other provisions of the declaration of trust not materially different from those of the trust before us. We find the following language in the opinion which we think is pertinent to our present controversy: (p. 336) "It is hard to imagine that respondent felt himself the poorer after this trust had been executed or, if he did, that it had any rational foundation in fact. For as a result of the terms of the trust and the intimacy of the familial relationship respondent retained the substance of full enjoyment of all the rights which previously he had in the property. That might not be true if only strictly legal rights were considered. But when the benefits flowing to him indirectly through the wife are added to the legal rights he retained, the aggregate may be said to be a fair equivalent of what he previously had. To exclude from the aggregate those indirect benefits would be to deprive § 22(a) of considerable vitality and to treat as immaterial what may be highly relevant considerations in the creation of such family trusts. For where the head of the household has income in excess of normal needs, it may well make but little difference to him (except income-tax-wise) where portions of that income are routed—so long as it stays in the family group. In those circumstances the all-important factor might be retention by him of control over the principal. With that control in his hands he would keep direct command over all that he needed to remain in substantially the same financial situation as before."

That case was relied upon by the Circuit Court of Appeals in the decision of the case of *Commissioner of Internal Revenue* v. *Berolzheimer*, 116 F.2d 628. In the latter case there were four trusts involved, in one of which a father declared himself a trustee of certain specified securities for the benefit of his son, Kenneth. The father was to apply "at such times, in such amounts and in such manner as such Trustee may in his uncontrolled discretion decide, so much of the net income from this trust fund as in the sole and absolute dis-

cretion of the Trustee may be necessary and proper for the maintenance, education and well-being of said Kenneth . . . and shall accumulate the balance of such net income for said Kenneth . . . , if any.''

The three other trusts involved in that case were by a different grantor, with the same family name of the grantor in the first trust. These trusts were created one for the benefit of the wife, the two others for the son and daughter respectively of the grantor. They were similar to those created by the grantor of the first trust, except that to the wife was not restricted as to use. In at least two of these trusts only a portion of the income was distributed for the use of the beneficiaries and the remainder was retained by the trustee as an accumulation. The Board of Tax Appeals held that only that portion of the income from these two trusts, which had been actually expended for the use of the respective beneficiaries, was taxable against the respective grantors. After discussing the applicability of the case of *Helvering* v. *Clifford, supra,* to the facts then before the court, the following conclusion was reached: (p. 631) ''It is to be observed that the Board made its orders before the decision in *Helvering* v. *Clifford* was rendered and doubtless would have reached another determination if that authority had been available. Because of the similarity between the trusts before us and the trust before the court in *Helvering* v. *Clifford,* we think that decision applies and it will be necessary to reverse the orders . . . the orders are reversed, and the proceedings remanded to the Board with direction to determine the grantors' income taxes for the year 1934 in accordance with the views expressed in this opinion.''

In the case of *Helvering* v. *Elias,* 122 F.2d 171, (Aug. 1, 1941), the Circuit Court of Appeals of the Second Circuit, on the authority of *Helvering* v. *Clifford, supra,* reversed an order of the Board of Tax Appeals holding that income of separate trusts created by the wife in favor of her four children, in which her husband was named as trustee, was not taxable as the income of the wife. In that case the husband was to use the income from the trust property ''in his sole discretion'' for the support of the beneficiaries until he or she should reach the age of twenty-one years, whereupon he was to pay the accumulations to the beneficiary and thereafter the whole annual income until the beneficiary's death,

or the settlor's, on either of which the trust should cease and the trustee should receive the whole corpus.

In answer to the foregoing authorities the respondent cites the dissenting opinions in the cases of *George H. Whiteley, Jr., supra,* and *Dorothy Whitney Elmhurst,* 41 B.T.A. 348, 368 and 369. While these dissenting opinions present able arguments in support of the respondent's position, yet they were not only not accepted by the Board of Tax Appeals, but they are contrary to the authorities hereinbefore cited, and particularly the case of *Whiteley* v. *Commissioner of Internal Revenue, supra,* which affirmed a decision of the Board of Tax Appeals against said George H. Whiteley, Jr., involving a trust substantially like that considered in the case of *George H. Whiteley, Jr., supra.* It is not necessary to further discuss the dissenting opinions.

Respondent further relies upon the following decisions of the Board of Tax Appeals; *E. E. Black,* 36 B.T.A. 346; *Martin F. Tiernan,* 37 B.T.A. 1048; *Percy M. Chandler,* 41 B.T.A. 165, 178; *Frank E. Wolcott,* 42 B.T.A. 1151, 1157. The three last cases follow the Black case, the decision in which is very brief, consisting of a half of one page of the report in which it is found. The complete facts in the case are not stated in the decision, if we may rely upon a statement in the Pyeatt case, *supra,* respecting the Black case. We have already referred to the Pyeatt case. A further quotation from the opinion of the board in that case will not only confirm our previous reference to it but will also clarify the decision in the Black case. Beginning on page 780 of the opinion in the Pyeatt case, 39 B.T.A. 774, the board reviews the Black decision and states the law applicable to the facts of that case, which, as we view those facts, are substantially like those in the case now before us. The language of the decision respecting those matters is as follows:

"Petitioner relies upon *E. E. Black,* 36 B.T.A. 346, and other similar Board and court cases to support his contention that he is taxable only on the small amounts of income which he actually received from the trust in the two taxable years. These amounts are shown in our findings of fact. The Black case held in substance that, where the trust instrument confers upon the trustee the discretion to use all or part of the income of the trust for the support and maintenance of the

minor and the evidence shows that none of the income was so used, then none of the income of the trust is taxable to the grantor who was legally liable for the support and maintenance of the minor. To the same effect is *Hudson* v. *Jones, supra; Higgins* v. *White,* 93 F.2d 357. See G.C.M. 18972, Cumulative Bulletin, 1937-2, page 231, which cites the Black case.

"We do not think the foregoing authorities are applicable to the facts of the instant case. The discretion as to what part of the income of the trust should be used for the support and maintenance of the minor was not left to the trustee. That discretion was left to the settlor of the trust, petitioner herein, upon whom rested the legal obligation to support and maintain Martha during her minority. He was limited, however, to $3,000 which he could draw in any one year. The income in 1934 was ample to pay the full $3,000 without invading any part of the principal. It is true petitioner drew only $236 from Martha's trust in 1934, but he might have drawn the full $3,000 if he had so desired. The only reason that he did not draw it was because he did not care to, but preferred to pay most of Martha's expenses out of his own pocket. We think that in such a situation section 167(a) of the Revenue Act of 1934 would be applicable to $3,000 of the income of the trust, even though only $236 was withdrawn. That section reads: '(a) Where any part of the income of a trust ... (2) may, in the discretion of the grantor or of any person not having a substantial adverse interest in the disposition of such part of the income, be distributed to the grantor ... then such part of the income of the trust shall be included in computing the net income of the grantor.'

"In such a case the doctrine of the Supreme Court in *Corliss* v. *Bowers,* 281 U.S. 376 [50 S.Ct. 336, 74 L.Ed. 916], as well as the express language of the foregoing statute applies. 'The income that is subject to a man's unfettered command and that he is free to enjoy at his own option may be taxed to him as his income, whether he sees fit to enjoy it or not.'

"The situation in the instant case, as we have already remarked, is distinguishable from that which existed in *E. E. Black, supra,* and that line of cases. In those cases the settlor could not go to the trustee and demand all or part of the income within his own discretion. He could get only such part of the income as the trustee, within the exercise

of his discretion, might pay to the settlor. In such latter circumstances, as we have already pointed out, the Board and the courts have held that, where the evidence shows that none of the income was used for the support and maintenance of the minor, the income of the trust is not taxable to the settlor.''

The ''line of cases'' referred to in the above quotation undoubtedly refers to at least two cases cited above and referred to as following the Black case. The Tiernan and Chandler cases were decided expressly upon the authority of the Black case (p. 1054 of the opinion in the Tiernan case; p. 178 of the opinion in the Chandler case.) The Wolcott case, *supra,* cites the Black case as authority for its decision. Like the Pyeatt case, however, it calls attention to the distinction between a trust in which the father retains the discretion to use the income for the maintenance of his minor children, and a trust created by the father in which he is not the trustee, but a bank or other individual is made the trustee, with authority to pay over so much of the income as is necessary for the support of the grantor's children in the judgment and discretion of the trustee. While in the first class of trusts the entire income is taxable income of the grantor whether paid out or accumulated, in the latter class only that portion of the income which is actually paid out by the trustee for the maintenance of the minors is taxable income of the grantor or father of the children. This is made clear by the following statement in the Wolcott opinion: (p. 1157) ''Our construction of this (trust) indenture is that it authorizes the trustee in the exercise of its discretion, to pay over such amounts of income as are necessary in the judgment and discretion of the trustee, for the support. maintenance, and education of Janet and directs the trustee to accumulate the superfluous balance. Since here the trustee was a bank and not the grantor, the Douglas case thus may be applied only to the extent of taxing to petitioner (the grantor) the amounts actually paid over for Janet's support, maintenance and education.''

The only other authority cited by the respondents, which appears to support the position taken by him in this action is the case of *Hudson* v. *Jones,* 22 F.Supp. 938, a decision by the United States District Court, and was rendered before

492

the decision in the case of *Whiteley* v. *Commissioner of Internal Revenue, supra. Hudson* v. *Jones* was cited in the Whiteley case, but the court refused to follow it and rendered a decision at variance with the views therein expressed. The decision in *Hudson* v. *Jones* cannot therefore be regarded as an authority upon any question now before us. The foregoing authorities construing the sections of the federal statute which are in all substantial respects like those of our State Income Tax Act, are in our opinion applicable to our present controversy, and should govern our decision of the questions before us.

 Not only the weight of authority but practically without serious dissent all the more recent decisions both of the Board of Tax Appeals and the courts sustain the position of the appellant, that the income from the trust created by the respondent in behalf of his minor children, the grantor reserving the right to use the income of said trust to the extent provided in said trust instrument, is taxable to the grantor notwithstanding the fact that no part thereof is used during the taxable year for the maintenance of said minors. Not only do we think that this was the clear intent of the statute, but any other construction would open wide the door for wholesale evasion of the Personal Income Tax Act of the state. If a father could establish a trust like that created by the respondent, and during any year of the trust refrain from using the income for the purpose of the trust but under its terms should accumulate the whole of it, under the trust instrument he could during the next year expend the entire income accumulated during the first year for his children's support and this proceeding could continue from year to year, with the result that practically the entire trust income could be used by the father to discharge his legal obligation to support his children and he would escape entirely the payment of any tax thereon. If he could so manipulate his property in behalf of his legal obligation to support his minor children, there would be nothing to prevent him from including his wife in such an arrangement. If successful in those two instances what would prevent him from establishing trusts for the purpose of paying the wages of his office force and also for the help in his home? In our opinion the act of the appellant in levying a tax on the entire income from the trust property during the taxable year 1935 against the re-

spondent, was legal and in accordance with the Personal Income Tax Act of this state.

The judgment is reversed.

Gibson, C. J., Shenk, J., Edmonds, J., Carter, J., Traynor, J., and Spence, J. pro tem., concurred.

Respondent's petition for a rehearing was denied February 18, 1943.